NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAURICIO CONTRERAS-BURITICA, :
: Civil Action No. 12-5225 (SRC)
Petitioner, :
: **OPINION**
v. :
:
UNITED STATES OF AMERICA, :
:
Respondent. :
:
:

Petitioner Mauricio Contreras-Buritica ("Petitioner"), who appears pro se, has moved to vacate, set aside or modify his sentence, pursuant to 28 U.S.C. § 2255. This petition for habeas corpus relief asserts a single claim of ineffective assistance of counsel based on the failure of Petitioner's attorney, Elvis Alexander Jardines, to investigate an incident concerning a physical altercation involving Petitioner's co-defendant and to present testimony at Petitioner's sentencing proceedings regarding the incident. According to Petitioner, investigation and testimony regarding the incident would have refuted the prosecution's claim that Petitioner was involved in the incident. He claims that counsel's allegedly deficient defense prevented the Court from hearing his version of the incident and led to the imposition of a sentencing enhancement for obstruction of justice and the denial of a downward departure for acceptance of responsibility.

The Court has considered the papers filed by Petitioner and by Respondent United States of America (the "Government")  For the reasons that follow, the Court will deny the instant § 2255 Petition.

I.  **BACKGROUND**

On or about September 24, 2008, Petitioner entered a plea of guilty to the single count of the Indictment charging him with engaging in a conspiracy to import five kilograms or more of cocaine, in violation of 21 U.S.C. § 963.  On October 7, 2009, Petitioner was sentenced to a term of 365 months of incarceration.  At the sentencing hearing, the Court determined that Petitioner should be awarded a two-point sentencing enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1.  The sentencing transcript demonstrates that the Court found that the obstruction of justice enhancement was warranted for multiple reasons, including his continued narcotics activity after his arrest for the charged offense as well as the subject incident Petitioner claims his attorney should have investigated.  The facts regarding that incident are as follows:

At the sentencing hearing, the Court found that the Government had presented compelling evidence that Petitioner had ordered a retaliatory assault upon his co-defendant Andres Felipe Perez-Osorio for Perez-Osorio's cooperation with the Government.  According to the sentencing transcript, after the assault, Perez-Osorio met with the assistant United States attorney handling Petitioner's prosecution and with an Immigration and Customs Enforcement ("ICE") agent, who both observed the bruises on Perez-Osorio's body.  Testimony given by another ICE agent involved in the investigation of Petitioner related Perez-Osorio's version of events implicating Petitioner in the assault.

While Petitioner does not deny that a physical altercation resulting in injury to Perez-Osorio took place, Petitioner maintains that he had no involvement in the incident and that the injuries resulted from a confrontation between Perez-Osorio and another inmate at the Hudson County Correctional Facility, Luis Felipe Gallego, following a contentious soccer game.  This

version of the incident is detailed in a July 1, 2009 letter to the Court written by Gallego, in which he states that he went to Perez-Osorio's cell after the soccer game to apologize for his conduct during the game, that his apology was rejected and that Perez-Osorio "threw the first punch." (Pet. Motion, Attachment A.) Petitioner also presents a written statement dated December 9, 2009 by another inmate, Juan David Montes, who asserts that he witnessed the confrontation and also states that it was a fight between Perez-Osorio and Gallego over the soccer game.

No evidence regarding this alternative version of the Perez-Osorio incident was presented at the sentencing hearing. The Court imposed a sentence based on the Sentencing Guidelines offense level of 40. There was no dispute that the base offense level was proper, but Petitioner's counsel did argue that Petitioner should receive a downward departure for acceptance of responsibility and not be subjected to a two-level enhancement for obstruction of justice. The Court rejected Petitioner's arguments, concluding that the Government had demonstrated that Petitioner had obstructed justice in many ways. Apart from the retaliatory assault ordered by Petitioner, the Court found that Petitioner had continued to conspire in narcotics transactions following his arrest. The Court found that the Government had met its burden of proving this continued criminal activity by presenting the following evidence: 1) Petitioner's girlfriend told investigators of his narcotics activity and her involvement in picking up $10,000 on his behalf in connection with a narcotics sale; 2) Petitioner's co-defendant Juan Polanco told investigators that, at some time after his arrest, Petitioner told Polanco that a house in Egg Harbor Township, New Jersey contained 35 kilograms of cocaine and $625,000 in United States currency; 3) Polanco told investigators of Petitioner's involvement in brokering another transaction involving

the importation of cocaine from Colombia; 4) Petitioner's meeting at the Hudson County jail with an undercover officer, whom he believed to be sent by Polanco at Petitioner's request, during which meeting Petitioner gave the undercover officer information about the presence of contraband at the house in Egg Harbor Township; 5) a search of the Egg Harbor house, pursuant to a warrant obtained after the meeting, revealed no contraband, leading law enforcement to conclude that the drugs and money had already been moved by Petitioner's co-conspirators; and 6) Polanco told investigators that Petitioner had ordered the murder of an alleged confidential informant in Colombia.  The Court further found that Petitioner had lied to the Government, having denied meeting with the individual who was in fact an undercover officer.  The Court determined that these numerous proofs indicating that Petitioner had committed serious criminal offenses after his arrest warranted a sentencing enhancement.  Moreover, the Court also considered evidence, presented by the Government, demonstrating that Petitioner had been convicted in Colombia of assault, extortion and aggravated theft and unlawful possession of weapons.

     Petitioner filed an appeal.  On May 11, 2011, the Third Circuit Court of Appeals affirmed the conviction and sentence.  Petitioner's first filing for relief pursuant to § 2255 was filed on June 26, 2012 and docket as civil action number 12-3885.  The initial filing was later withdrawn by Petitioner in response to the Court's <u>Miller</u> notice.  The instant Petition was filed on August 10, 2012 and docketed in the above-captioned action.

## II. DISCUSSION

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his sentence as having been imposed in violation of the Constitution. Petitioner, as the Court indicated above, bases the plea for relief under § 2255 on the claim that he was denied his Sixth Amendment right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970) (holding that Sixth Amendment guarantee of assistance of counsel to accused in criminal prosecution includes right to effective assistance of counsel). According to Petitioner, the legal representation he received from Jardines was constitutionally deficient because, in light of the written statements provided by Gallego and Montes, Jardines should have investigated the alleged assault on Perez-Osorio and presented testimony at the sentencing hearing which would have demonstrated that Petitioner did not order a retaliatory assault on Perez-Osorio, as the Government maintained.

The Supreme Court decision in Strickland v. Washington, 466 U.S. 668 (1984) sets forth the standard for establishing a claim that a habeas petitioner's Sixth Amendment right of effective assistance of counsel has been violated. The Strickland Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

Id. at 687.

A petitioner bears the burden of proof to demonstrate ineffective assistance of counsel. United States v. Baynes, 622 F.2d 66, 69 (3d Cir. 1980). The Third Circuit has stressed that relief under § 2255 based on a claim of ineffective assistance of counsel requires that the petitioner satisfy both prongs of the Strickland test: that counsel's performance was constitutionally deficient and that the petitioner was prejudiced as a result of that performance. Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999).  To show that counsel's performance fell below Sixth Amendment standards, a petitioner must show "that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms." United States v. Sanders, 165 F.3d 248, 250 (3d Cir. 1999).  To meet the prejudice prong, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 486 U.S. at 694.

The Supreme Court has been clear that the burden on a convicted defendant challenging his conviction based on ineffective assistance of counsel is a heavy one.  Id. at 689-90.  In analyzing an attorney's performance in regards to an ineffective assistance of counsel claim, the Supreme Court directs that a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 698; George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001) (holding same).  The Third Circuit has cautioned that "[b]ecause counsel is afforded a wide range within which to make decisions without fear of judicial second-guessing, . . . it is 'only the rare claim of ineffectiveness of counsel that should succeed.'"  Buehl, 166 F.3d at169 (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir.1989)).

Petitioner argues that "upon being apprised of Gallego's written statement," counsel should have interviewed Gallego and Montes "to determine whether information gleaned from the two would support a valid objection to the Government's allegation that Petitioner had obstructed justice and whether the two would testify at Petitioner's sentencing proceedings." (Pet. Br. at 2-3.)  The Court notes that Petitioner makes the unsupported assumption that Gallego and Montes would have testified favorably in support of his version of events, an assumption that is undermined by the Government's representation that many statements in Gallego's July 1, 2009 letter, which stated that he received offers immunity and protection from the Government, were simply false.  Petitioner's showing that his counsel's performance fell outside the bounds of reasonable professional conduct rests on shaky ground at best.

Putting these observations aside, the Court holds that Petitioner does not meet the two-prong Strickland test for ineffective assistance of counsel because his § 2255 motion is completely deficient as to any showing of prejudice to the Petitioner.  Even if, for the sake of argument only, the Court accepts the veracity of the alternative accounts of the Perez-Osorio incident stated in the letters proffered by Petitioner, Petitioner cannot demonstrate that he was subjected to a sentencing enhancement as a result of his counsel's failure to present the testimony of the purportedly exculpatory witnesses.  The record makes clear that the Court ruled that an obstruction of justice enhancement was warranted based on multiple serious instances of obstructionist behavior by Petitioner.  The Government presented substantial and compelling evidence that Petitioner had continued to engage in significant narcotics trafficking activity following his arrest for the indicted offense in the criminal action underlying this Petition, including efforts to broker sales and to move or hide substantial amounts of contraband.  The

Court also determined that Petitioner lied to Government investigators.  Petitioner's counsel had stated at the sentencing hearing that Petitioner opposed the Government's request for a sentencing enhancement and believed his behavior entitled him to a downward departure for acceptance of responsibility. The Court considered all of the evidence presented at the hearing and concluded that Petitioner's position as to sentencing level adjustments was baseless.  Regardless of the anticipated testimony of Gallego and Montes concerning the Perez-Osorio incident, the sentence imposed was amply supported by various aggravating factors, including, as the Court expressly found, Petitioner's significant and continuing criminal conduct and his record of serious criminal activity abroad.

Petitioner, in sum, has failed to establish a reasonable probability that, had his trial counsel presented the Gallego and Montes testimony, the Court would not have subjected Petitioner to an obstruction of justice enhancement and denied his request for an acceptance of responsibility departure.  Indeed, in light of the compelling evidence detailed above and recited by the Court at the sentencing hearing, there is simply no possibility that Petitioner would have obtained a lesser sentence, even if his counsel had presented evidence exculpating Petitioner from the Perez-Osorio incident.  Because the instant § 2255 motion, together with the underlying record, conclusively show that the Petitioner is not entitled to relief, the Court has adjudicated Petitioner's ineffective assistance of counsel claim without an evidentiary hearing.  Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989); see also Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001) (observing, in connection with an ineffective assistance of counsel claim, that "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous.").

**III.   CONCLUSION**

The record clearly demonstrates that Petitioner's ineffective assistance of counsel claim lacks merit.  As such, the Court will deny the motion for relief under § 2255.  It will further order that a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) will not be issued.  The Court should issue a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  To make this showing, the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  For the reasons discussed in this Opinion, Petitioner has neither made a substantial showing that his Sixth Amendment right to the effective assistance of counsel has been denied nor demonstrated that jurists of reason would debate this Court's assessment.

An appropriate form of Order will be filed.

    s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: January 11, 2013